UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW SCHEALL,
    Plaintiff,

v.                                                        Case No: 8:24-cv-00667-SDM-TGW

UNITED STATES DEPARTMENT
OF EDUCATION,
    Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

The United States of America, on behalf of the Department of Education (the "DOE"), submits the following Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial (the "Complaint" [Doc. 1]) using the headings and numbers used by Plaintiff.

### PRELIMINARY STATEMENT

1.    Defendant admits that, per the Complaint, Plaintiff brings his suit under 15 U.S.C. § 1681, *et seq*.

### JURISDICTION AND VENUE

2.    Paragraph 2 consists of Plaintiff's jurisdictional allegations and legal conclusions to which no response is required. If any response is deemed required, Defendant denies the allegations of Paragraph 2.

3.    Paragraph 3 consists of further jurisdictional allegations and legal conclusions to which no response is required. If any response is deemed required, Defendant denies the allegations of Paragraph 3. The referenced statutes do not

subject Defendant to the jurisdiction of this court, as alleged.

4. Paragraph 4 consists of venue allegations to which no response is required. If any response is required, it is that the allegations are denied.

## PARTIES

5. Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 5. If any response is deemed required, it is that the allegations are denied.

6. Paragraph 6 consists of a legal conclusion to which no response is required. If any response is deemed required, it is that the allegations are denied.

7. Defendant admits that the DOE is a department of the United States federal government but denies that service on Defendant is effective in the manner alleged. Service upon the Defendant must be effected in the manner laid out in Fed. R. Civ. P. § 4(i).

8. Defendant admits that the DOE furnishes information to certain Credit Reporting Agencies in certain situations but denies that DOE was the furnisher of the information Plaintiff complains of in this suit.

## FACTUAL ALLEGATIONS

9. Defendant admits that Plaintiff is indebted to the DOE for eighteen student loans – fourteen loans taken out pursuant to the Direct Loan program and four loans taken out pursuant to the Perkins Loan program. Defendant denies the remaining allegations of Paragraph 9. The Direct Loan program loans are not at issue in this case and are not "federally-guaranteed student loans." As to the four

Perkins Loan program loans of which Plaintiff complains, Defendant denies that these loans are "federally-guaranteed student loans." Perkins Loans are made by a college or other postsecondary school from a loan fund capitalized by contributions from DOE of federal funds and matching contributions from the institution in a 9:1 (now 3:1) ratio. The loans are made by and repayable to the institution, which is responsible for servicing and collecting the loans. An institution may assign certain defaulted Perkins Loans to DOE. Plaintiff's four Perkins Loans were assigned to DOE on March 30, 2022. However, DOE does not guarantee Perkins Loans and makes no payment to the institution when it accepts an assignment.

10. Defendant denies the allegations of Paragraph 10. Plaintiff's four Perkins loans that are at issue in this case (collectively the "Perkins Loans") were not "guaranteed via the DOE" as discussed above in Defendant's response to Paragraph 9. Rather, the Perkins Loans were assigned to DOE on March 30, 2022 by Plaintiff's university, Southeastern University. Furthermore, all Perkins loans, including Plaintiff's, are serviced by ECSI Federal Perkins Loan Servicer ("ECSI"), a Title IV contractor for the DOE.

11. Defendant is without information sufficient to admit or deny the allegations of Paragraph 11 because the Perkins Loans were not assigned to DOE until March 30, 2022. However, Defendant denies Plaintiff's characterization of the facts of Paragraph 11 because, despite the loans being disbursed in 2014, 2015, and 2017, Plaintiff appears to have made no principal payments as of May 2, 2024.

Perkins Loan 9[1] of $2,000 at 5% interest was disbursed on November 5, 2014. The current balance as of May 2, 2024 was $2,361, including $2,000 in principal and $361 in interest. Perkins Loan 10 of $2,000 at 5% interest was disbursed on February 7, 2015. The current balance as of May 2, 2024 was $2,361, including $2,000 in principal and $361 in interest. Perkins Loan 12 of $4,000 at 5% interest was disbursed on November 11, 2015. The current balance as of May 2, 2024 was $4,722, including $4,000 in principal and $722 in interest. Perkins Loan 19 of $5,000 at 5% interest was disbursed on January 26, 2017. The current balance as of May 2, 2024 was $5,902, including $5,000 in principal and $902 in interest.

12.   Defendant is without information sufficient to admit or deny the allegations of Paragraph 11 because the Perkins Loans were not assigned to DOE until March 30, 2022. Defendant further responds that all Perkins loans, including Plaintiff's, are serviced by ECSI. In addition to performing routine servicing functions, such as sending out bills and collecting payments, ECSI also performs credit reporting and credit dispute investigations on behalf of DOE with respect to the Perkins loans it services.

13.   Defendant denies the allegations of Paragraph 13 and responds that ECSI reported a Metro Code "T" as to the Perkins Loans only during the month of September 2023 only. Defendant further responds as follows:

      A.   On March 30, 2022, Southeastern University assigned the

---

[1] All loan numbers correspond to the loan numbers on the National Student Loan Data System ("NSLDS") report for Plaintiff's loans.

Perkins Loans to DOE and provided Plaintiff's address for communications regarding each loan as an address on Arriva Loop. ECSI, as the servicer for Perkins Loans, entered the Arriva Loop address into its internal computer database system, called FPLSS. ECSI does not have access to information in the DOE's or other loan servicers' databases.

    B. On August 15, 2023 mail sent by ECSI to Plaintiff at an Arriva Loop address was returned by the post office as undeliverable.  Consequently, ECSI marked this address as invalid (code "AB") in FPLSS. Due to the invalid address, in September of 2023 ECSI reported Plaintiff's Perkins loans to CRAs with a "Consumer Information Indicator"  of "T," as required by the Credit Reporting Resource Guide.

    C. On October 4, 2023 ECSI received new address information for the Plaintiff.  This address was provided by Southeastern University.  As a result, on October 4th, ECSI updated Plaintiff's address in FPLSS to a Sagamore Street address.

    D. On October 26, 2023 Plaintiff filed 4 consumer disputes, one for each of the Perkins Loans.  The dispute code 112 was used to request a verification of all account information. In addition, the dispute stated: "REPORT SAYS CREDITOR CANNOT LOCATE INDIVUDAL; BUT I HAVE BEEN IN CONACT AND THEY KNOW WHERE I LIVE. I AM AT…SAGAMORE ST…"[2]

---

[2] The full address has been redacted to protect Plaintiff's PII. The address Plaintiff indicated was the correct address will be referred to as "Sagamore Street."

5

SCHEALL MATHEW;…. SHOUDLN'T SHOW NEG." The ACDV requested that the furnisher confirm multiple data points, including the Consumer Information Indicator.

  E. In order to investigate Plaintiff's dispute, ECSI compared the disputed information provided by the Plaintiff with the information in the FPLSS. Plaintiff's address, which was updated in FPLSS on October 4th, matched the data provided by Plaintiff in his dispute.

  F. ECSI responded to Experian on October 27, 2023, confirming the borrower's address and correcting the information provided by Experian in the Consumer Information Indicator field, eliminating code "T".

  G. Because ECSI corrected Plaintiff's address on October 5, 2023, starting on October 31, 2023 Plaintiff's credit information was submitted to CRAs with the "Consumer Information Indicator" blank, rather than "T". ECSI never reported Plaintiff's credit information with a Consumer Information Indicator of "T" at any point after September of 2023. September of 2023 was the only time Plaintiff's account was reported with a "Consumer Information Indicator" of "T".

 14. Defendant admits the allegations of Paragraph 14.

 15. Defendant admits the allegations of Paragraph 15.

 16. Defendant lacks sufficient information to admit or deny the Plaintiff's own awareness and beliefs and therefore denies the allegations of Paragraph 16. However, Defendant responds that Plaintiff has fourteen, not thirteen, Direct Loan program student loans with DOE in addition to the Perkins Loans. Defendant

6

further responds that the Direct Loan program servicers and ECSI, as the Perkins Loan program servicer, do not have access to each other's databases. Information provide to a Direct Loan program servicer is not accessible to ECSI.

17. Defendant lacks sufficient information to admit or deny Experian's actions and therefore denies the allegations of Paragraph 17. Defendant refers the Court to Plaintiff's lawsuit against Experian in which Plaintiff alleged the same facts and injuries as the instant case: *Scheall v. Experian Information Solutions, Inc., et al.*, 8:23-cv-02519-VMC-AAS, which was closed pursuant to a Notice of Settlement on March 26, 2024.

18. Defendant lacks sufficient information to admit or deny Experian's actions and therefore denies the allegations of Paragraph 18.

19. Defendant lacks sufficient information to admit or deny Experian's actions or considerations and therefore denies the allegations of Paragraph 19.

20. Defendant lacks sufficient information to admit or deny Plaintiff's actions and therefore denies the allegations of Paragraph 20.

21. Defendant lacks sufficient information to admit or deny Plaintiff's intentions and therefore denies the allegations of Paragraph 21.

22. Defendant lacks sufficient information to admit or deny Legacy Mutual's actions and therefore denies the allegations of Paragraph 22.

23. Defendant lacks sufficient information to admit or deny Xactus' actions and therefore denies the allegations of Paragraph 23. Defendant further refers the Court to the above-mentioned lawsuit in which Plaintiff sued Xactus for the same

factual allegations and injuries as the instant suit.

24. Defendant lacks sufficient information to admit or deny Xactus' actions and therefore denies the allegations of Paragraph 24.

25. Defendant lacks sufficient information to admit or deny the contents of an Xactus report and therefore denies the allegations of Paragraph 25.

26. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 26 and responds that the FHA's underwriting guidelines speak for themselves. Furthermore, Defendant lacks sufficient information to admit or deny Plaintiff's credit scores. Thus, Defendant denies the allegations of Paragraph 26.

27. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 27 and responds that the FHA's underwriting guidelines speak for themselves.

28. Defendant admits that on October 26, 2023 Plaintiff filed 4 consumer disputes with Experian, one for each of the Perkins Loans. Defendant denies that Plaintiff disputed any information related to Plaintiff's other fourteen Direct Loan program loans. Defendant further responds that Plaintiff merely requested a verification of his account information. Defendant admits that Plaintiff provided the Sagamore Street address as his correct address and also provided email and phone contact information.

29. Defendant admits that Experian sent four Automated Consumer Dispute Verification ("ACDV") requests for account verification but denies that the requests were sent to DOE. The ACDV requests were sent to ECSI, not DOE, as

8

ECSI was the loan servicer for Plaintiff's Perkins Loans.

30. Defendant admits that ECSI, as the date furnisher, received the ACDV requests.

31. Defendant admits that the ACDV requests for account verification contained the information to be verified. Defendant denies the mischaracterization of the information contained in the remaining allegations of the paragraph because, as discussed above, the Sagamore Street address had already been entered into the ECSI computer systems for Plaintiff's Perkins Loans before Plaintiff made his ACDV requests.

32. Defendant admits that the information furnisher, ECSI, was required to make its own reasonable investigation into the dispute but denies the remaining allegations of Paragraph 32.

33. Defendant denies the allegations of this paragraph as to DOE. Defendant further responds, that ECSI, the information furnisher, compared the disputed information provided by the Plaintiff with the information in the FPLSS, ECSI's internal computer database system. Plaintiff's address, which was updated in FPLSS on October 4th, matched the data provided by Plaintiff in his dispute. ECSI responded to Experian on October 27, 2023, confirming the borrower's address and correcting the information provided by Experian in the Consumer Information Indicator field, eliminating code "T".

34. Paragraph 34 consists of legal conclusions to which no response is required. If any response is deemed required, the allegations of this paragraph are

9

denied.

35. Defendant denies the allegations of Paragraph 35.

36. Defendant admits that ECSI updated the reporting to accurately report that Plaintiff had filed an account information dispute.

37. Defendant is without knowledge or information sufficient to respond to the allegations of this paragraph and therefore denies the allegations of Paragraph 37. Defendant further denies Plaintiff's mischaracterization of "years of positive data" as, as discussed above, Plaintiff had made no principal payments in the ten years since the loans were disbursed.

38. Defendant denies the allegations of Paragraph 38 and again responds that by the time Plaintiff filed a request for account information verification his address in ECSI's records was the Sagamore Street address which he indicated in the request was the correct address.

39. Defendant is without knowledge or information sufficient to respond to the allegations of this paragraph and therefore denies the allegations of Paragraph 37.

40. Paragraph 40 is Plaintiff's allegations of his damages to which no response is required. If any response is deemed required, Defendant denies the allegations of this paragraph and furthermore responds that Plaintiff has already received compensation from Experian and Xactus for the exact same injuries alleged in this suit. Thus, Defendant denies that Plaintiff is entitled to any damages at all.

41. Paragraph 41 is Plaintiff's allegations of his damages to which no response is required. If any response is deemed required, Defendant denies the

allegations of this paragraph and furthermore responds that Plaintiff has already received compensation from Experian and Xactus for the exact same injuries alleged in this suit. Thus, Defendant denies that Plaintiff is entitled to any damages at all.

42. Paragraph 42 is Plaintiff's allegations of his damages to which no response is required. If any response is deemed required, Defendant denies the allegations of this paragraph and furthermore responds that Plaintiff has already received compensation from Experian and Xactus for the exact same injuries alleged in this suit. Thus, Defendant denies that Plaintiff is entitled to any damages at all.

## COUNT I
## WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681s-2(b)

43. Defendant incorporates by reference its responses to the allegations in Paragraphs 1-42 of the Complaint.

44. Defendant denies the allegations in Paragraphs 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

The unnumbered paragraph below Paragraph 48 consists of Plaintiff's prayer for damages to which no response is required. If any response is deemed required, the Defendant denies that Plaintiff is entitled to any relief requested.

## COUNT II
## NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681s-2(b)

49. Defendant incorporates by reference its responses to the allegations in

Paragraphs 1-42 of the Complaint.

    50.    Defendant denies the allegations in Paragraph 50.

    51.    Defendant denies the allegations in Paragraph 51.

    52.    Defendant denies the allegations in Paragraph 52.

    53.    Defendant denies the allegations in Paragraph 53.

The unnumbered paragraph below Paragraph 53 consists of Plaintiff's prayer for damages to which no response is required. If any response is deemed required, the Defendant denies that Plaintiff is entitled to any relief requested.

## DEMAND FOR JURY TRIAL

This paragraph consists of Plaintiff's jury demand to which no response is required.

## GENERAL DENIAL

Defendant denies each and every allegation contained in the Complaint which is not expressly admitted above.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims have already been fully resolved in *Scheall v. Experian Information Solutions, Inc., et al.*, 8:23-cv-02519-VMC-AAS.[3] Plaintiff was aware of Defendant, Defendant could have been subject to the jurisdiction of this Court, but Plaintiff still failed to join Defendant in this prior suit. He has now waived any right to further recovery arising out of these same facts.

---

[3] Plaintiff did not disclose this prior case to Defendant or the Court via a Notice of Related Case.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has already been fully compensated by Experian and Xactus for the exact same injuries which he now claims Defendant owes him. *See Scheall v. Experian Information Solutions, Inc., et al.*, 8:23-cv-02519-VMC-AAS.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff seeks emotional distress damages which are barred by the Florida Economic Loss Rule.

## FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is alleging a tort action to obtain emotional distress damages, any such action is barred by Plaintiff's failure to exhaust his administrative remedies under the Federal Tort Claims Act.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's request for punitive damages for willful conduct is barred by the Federal Tort Claims Act.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for attorney's fees which, according to the Complaint, has been assigned to his attorneys, is now barred by the Anti-Assignment Act, 41 U.S.C. § 6305.

WHEREFORE, Defendant prays for judgment as follows:

1. That judgment be entered in favor of Defendant and against Plaintiff;
2. That Defendant be awarded costs of suit; and

3.     For such other and further relief as the Court may deem just and proper.

                                                          Respectfully submitted,

                                                          **ROGER B. HANDBERG**
                                                          United States Attorney

By:    /s/ *Grace Anne Monnig*
             GRACE ANNE MONNIG
             Assistant United States Attorney
             USA No. 208
             400 North Tampa St., Suite 3200
             Tampa, FL 3360
             Telephone No.: (813) 274-6000
             Facsimile No.: (813) 274-6198
             E-mail: Grace.Anne.Monnig@usdoj.gov

## **CERTIFICATE OF SERVICE**

On May 20, 2024, the foregoing Defendant's Answer and Affirmative Defenses was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of filing to the following:

Brandon D. Morgan
Seraph Legal, P.A.
2124 W. Kennedy Blvd., Ste. A
Tampa, FL 33606
813-567-1230
bmorgan@seraphlegal.com

Thomas M. Bonan
Seraph Legal, P.A.
2124 W. Kennedy Blvd., Ste. A
Tampa, FL 33606
813-567-1230
tbonan@seraphlegal.com

/s/ *Grace Anne Monnig*
GRACE ANNE MONNIG
Assistant United States Attorney